**David MARKS and Karen Marks, Appellants,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Appellee.**

**No. 45A05–1011–CT–675.**

Court of Appeals of Indiana.

Nov. 18, 2011.

---

W.F. Conour, Timothy F. Devereux, Jeffrey A. Hammond, Conour Devereux Hammond, Indianapolis, IN, Attorneys for Appellants.

Paul A. Rake, Louis W. Voelker, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellee.

## OPINION ON PETITION
## FOR REHEARING

MATHIAS, Judge.

David Marks and Karen Marks (collectively "the Markses") have filed a petition for rehearing from our opinion affirming the trial court's grant of summary judgment in favor of the Northern Indiana Public Service Company ("NIPSCO") in the Markses' negligence action against NIPSCO. We grant rehearing for the limited purpose of addressing the issue of premises liability, but otherwise affirm our original opinion.

In our original opinion, we held that NIPSCO had not assumed a duty of care to David, either by contract or by conduct. *See Marks v. N. Ind. Pub. Serv. Co.*, 954 N.E.2d 948 (Ind.Ct.App.2011). We did not, however, directly address the Markses' claim regarding premises liability, which was part of and interrelated with their argument regarding the assumption of duty by contract. We now take this opportunity to address the premises liability argument specifically.

In their petition for rehearing, the Markses argue that NIPSCO maintained control of the facilities where the accident occurred and "failed to provide those premises in a reasonably safe condition to its users such as David Marks." Petition for Rehearing p. 2. The Markses emphasize that NIPSCO at all times retained ultimate control of the loading facilities where David's accident occurred.

We note, however, that it is undisputed that David fell while trying to open a hatch on top of the semi-trailer he was hauling. The semi-trailer was owned by his employer—a subcontractor of the general contractor hired by NIPSCO. There is nothing in the record indicating that NIPSCO retained any measure of control over the semi-trailer. As NIPSCO notes in its reply, "any defects in the trailer or problems associated with operating the hatch or gaining access to it from the trailer ladder are freestanding and unrelated to NIPSCO." Appellee's Response p. 1.

We held in *Pelak v. Indiana Industrial Services, Inc.*, 831 N.E.2d 765, 770 (Ind.Ct.App.2005), *trans. denied*, that "[t]here is no persuasive public policy argument for imposing on a landowner a duty to guard a contractor's employees from an instrumentality exclusively controlled by the contrac-

tor." Because NIPSCO was not in control of David's truck at the time of the accident, there is no reason to impose liability on NIPSCO simply because David fell while on NIPSCO's premises.

We affirm our original decision in all respects.

KIRSCH, J., and VAIDIK, J., concur.